## Darnell's Ex'rs, et al. v. Darnell, et al.

(Decided January 18, 1921.)

### Appeal from Bath Circuit Court.

Wills—Construction.—Under a will by which testator directed that the residue of his property be divided equally between his brothers and sisters, naming them, "and the nieces and nephews of my brothers and sisters who are living at the date of my death, and my sister-in-law whose husbands are dead, viz., Dulcina Darnell and Lina Darnell, and Mary Jones, my deceased wife's sis-

ter, who resides in Urbana, Illinois, and Oddie L. Power, my great-niece, all of whom mentioned are to share equally alike," held that the words, "nieces and nephews of my brothers and sisters who are living at the date of my death," include the children not only of the testator's deceased brothers and sister, but of his living brothers and sisters, and therefore all the testator's nieces and nephews.

C. W. GOODPASTER, ED. C. O'REAR and J. C. JONES for appellants.

W. B. WHITE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This appeal involves the construction of the will of Thomas L. Darnell, a widower, who died childless and a resident of Bath county in the year 1919. Omitting the introductory and attestation clauses, the will is as follows:

"1st. I will and devise that all of my just debts, funeral expenses and costs of administration first be paid.

"2nd. I will and devise to my eldest sister, Ruth Jones, and to my niece, Mary Jane Power, and to my great-niece, Oddie L. Power, the house and lot in which I now live, situated in the town of Owingsville, Bath county, Kentucky, to have and to hold during their natural life, and as each one shall die to pass unto the surviving one and when each of them shall have died to pass then to my brothers and sisters who are living, and if none of them are living at their said death, then it is my desire that it shall pass to my nieces and nephews who are living and to be equally divided between them.

"3rd. I also give and devise to Ruth Jones, Mary Jane Power and Oddie L. Power all of my household effects of every description consisting of silver plate, statuary, books, china ware, glass ware, pictures and paintings, beds, and bedding, in fact everything that is in my house as furniture.

"4th. I will and devise that all the rest, residue and remainder of my property, real, personal or mixed, that I own at the date of my death, shall be divided equally between my brothers and sisters to-wit: John W. Darnell, Isaac Darnell, Ruth Jones, Millie Gudgell and Martha Ellen Moreland, and the nieces and nephews of my brothers and sisters who are living at the date of my

death, and my sister-in-law whose husbands are dead, viz., Dulcina Darnell and Lina Darnell, and Maggie Jones, my deceased wife's sister who resides in Urbana, Illinois, and Oddie L. Power, my great niece, all of whom mentioned are to share equally alike.

"5th. I hereby appoint my nephew, John B. Jones, and my brother, I. R. Darnell, to be the executors of this my last will and testimony, and I hereby empower them to act in said capacity without bond. I further direct them to sell all of my property both real or personal excepting, however, the house and lot above devised and furniture, and divide the proceeds of sale in accordance to the bequests mentioned aforesaid.

"In testimony whereof I have hereunto set my hand this 4th day of January, 1917."

Originally the testator had eight brothers and sisters. Two of his brothers, Burton Darnell and William Darnell, and his sister, Mary Jones, were dead at the time the will was written. Burton Darnell left surviving him a widow, Dulcina Darnell, and one child. William Darnell left surviving him a widow, Lina Darnell, and three children. Mary Jones left surviving her two children. The other brothers and sisters of the testator, all of whom were living when the will was written and at the time of his death, were I. R. Darnell, who had one child, John W. Darnell, who had eight children, Millie Gudgell, who had five children, Ruth Jones, who had five children, and Martha Ellen Moreland, who had five children.

Upon the death of the testator, I. R. Darnell and J. B. Jones qualified as executors of his will, and brought this suit for the purpose of settling the estate and having the will construed. By appropriate pleadings the contention was made that the testator, by using the words, "the nieces and nephews of my brothers and sisters who are living at the date of my death," meant to include the children of his living brothers and sisters as well as the children of those who were dead. The chancellor rejected this construction and held that only the children of the testator's deceased brothers and sister were included. Hence, the appeal.

In support of the judgment below it is argued that the testator did not mean to include all his nieces and nephews, for if he had, he would have used the words, "my

nieces and nephews," as he did in the second clause of his will. Not having done this, it must be inferred that he did not mean to include all his nieces and nephews, but only those who were the nieces and nephews of his living brothers and sisters, that is, those who bore that relation to all his living brothers and sisters, and necessarily excluding the children of his living brothers and sisters who would not be the nieces and nephews of all of them. We might with equal propriety say that if the testator had intended to include only the children of his dead brothers and sisters, he would have simply said, "and the children of my dead brothers and sisters." It is therefore clear that what the testator might have said throws but little light on the question. While it is true that the testator showed a preference for certain relatives mentioned in clauses 2 and 3, it does not appear that he intended to carry this inequality any further. On the contrary, the controlling feature of clause 4 is the testator's evident purpose to remember all of his relatives regardless of whether their parents were living or dead, even to the extent of including the wives of his deceased brothers and sister of his deceased wife. If the testator had devised the property to his brothers and sisters and had not included his sisters-in-law, we might be able to agree with counsel for appellees that the words, "and the nieces and nephews of my brothers and sisters," did not include any of the children of his living brothers and sisters on the theory that he did not intend to include both parents and children. But the force of this argument is destroyed by the fact that he remembered not only the children of his deceased brothers, but their widows as well, by providing that they should share equally with all the others in his estate. Having provided for both his brothers and sisters and his sisters-in-law, clearly there is no reason why he should prefer the children of the latter to the children of the former. Viewing the will in the light of this potent fact, we conclude that the words, "nieces and nephews of my brothers and sisters," necessarily mean those who bear that relation to some of them, and not those only who bear that relation to all of them. Not only so, but this is the natural and ordinary meaning of the words employed, and we are not disposed to adopt a construction that will result in inequality unless required to do so by the plain terms of the will. We therefore conclude that the testator intended to include as beneficiaries under clause 4 of his will the children

not only of his deceased brothers and sisters, but of his living brothers and sisters.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.

Whole court sitting.